Steel *v.* Maness.

THOMAS STEELE *v.* T. P. MANESS, Administrator, *et al.*

ADMINISTRATION. *Insolvent estate. Chancery jurisdiction.* The administration of an insolvent estate, the assets exceeding a thousand dollars, may by bill be removed to the chancery court, even after publication for creditors to file claims, and the filing of such claims in the county court.

FROM LAUDERDALE.

Appeal from the Chancery Court at Ripley. H. J. LIVINGSTON, Ch.

W. H. CARROLL for complainant.

W. E. LYNN and GEO. C. PORTER for defendants.

FREEMAN, J., delivered the opinion of the court.

This is an insolvent bill filed in the chancery court of Lauderdale county, by a creditor of said estate. It is charged that the administrator had, before that time, suggested the insolvency of the estate to the county court, that the assets, real and personal, exceeded one thousand dollars in value, with all other allegations specified in the statute for such a bill.

The bill as originally filed was amended by showing that, after the suggestion in the county court, publication had been made for creditors to file claims, and some seven or eight had filed claims with the clerk of the county court for allowance.

The bill was demurred to by several defendants on the ground that, after the publication and filing of

claims by creditors as stated, the county court first having acquired jurisdiction for the administration of said estate as an insolvent estate, the court of chancery could not then obtain jurisdiction by a bill filed therein, nor could the case be transferred to that court. The chancellor sustained the demurrer and dismissed the bill, from which decree complainant appeals in error to this court.

The action of the chancellor seems to have been based on what he understood to be the ruling of this court in several cases. The first, *Parks* v. *Gilbert*, 1 Baxt., 97. This case was not a case of an insolvent estate at all, but a sale of land for partition and distribution of the fund among parties entitled, which was sought to be transferred to the chancery court. The case of *Pardue* v. *West*, 1 Lea, 729, was another case for partition of land. The case of *Rhea* v. *Meredith*, 6 Lea, 607, 608, might seem to give some countenance to the view of the chancellor. But when the point decided is seen, the only question decided was, whether a bill could be filed to contest the propriety of the action of the county court, in laying off dower and homestead in an insolvent proceeding, and whether the court would permit a transfer of the administration to the chancery court solely for this purpose. The court held it could not be done, and that the county court had complete power over the subject-matter, and the parties had their remedy in that court, and could have made all the questions presented by their bill in that proceeding, if they had chosen to do so. The dower and homestead had already been laid off.

The provisions of the Code are conclusive on this question. In the chapter entitled, "Administration of Insolvent Estates in the Chancery Court," after providing, (sec. 3209, new Code, 2362, T. & S.), for the administration in the chancery court, when the value of the estate, real and personal, exceeds one thousand dollars, and in following sections what the bill shall set forth, by section 341, new Code, it is enacted: "The bill may be filed at any time after the estate is reported insolvent to the county court, and by the personal representative or any creditor." After giving general directions for the conduct of the suit, section 3226, new Code (2381, T. & S.), is, "upon such bill being filed and sustained, the administration of the estate is transferred from the county to the chancery court, and thereupon the chancellor may enjoin all proceedings in the county court." And by next section, "after such injunction granted, all powers conferred by this article upon the county court and its clerk are hereby conferred upon the chancery court, in addition to the powers granted by this article."

From this it is seen, the administration, already commenced and in progress in the county court, is to be transferred to the chancery court, and that court and clerk have no further power to act in such administration, but the powers of said court and clerk are to be exercised by the chancery court.

From this it cannot be questioned, that while concurrent jurisdiction to the extent provided is given the two courts over insolvent estates, when the estate amounts to over one thousand dollars, the administra-

tion may be transferred to the chancery court, and that court enjoined from further proceeding, at any time before the administration is closed, or, as an administration suit, is still pending in the county court. The case, however, as we have several times held, is transferred to the chancery court in the precise stage of progress it had reached in the county court, and if claims had been uncontested or established after contest in that court, as provided in the chapter regulating administration in that court, they are not required to be proven again, nor can they be reviewed in the chancery court, unless it be on some ground of fraud, or for other equitable causes, such as would open the judgments of any other court having jurisdiction over the subject-matter on which it acts.

We have repeatedly sustained bills in such cases, though the precise question now presented has not probably been raised in any case.

As a matter of course, the court will see that the transfer to the chancery court is *bona fide* sought, and not as a pretext to contest some other question, as in the case in 6 Lea, of dower and homestead, and if it should clearly appear to have been unnecessarily and improperly done from mere litigiousness, the additional cost might be taxed to the party filing the bill. But where the facts required by the statutes we see exist, no ground on which such a bill can be dismissed, simply because the county court has a limited concurrent jurisdiction with the chancery court, in insolvent cases, as provided by our statutes on the subject.

Reverse and remand for further proceedings, with costs.